IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| PHILLIP D. MESSICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 319-061 |
| | ) | |
| U.S. DOT and FMCSA, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). On August 20, 2019, the Court denied Plaintiff's IFP motion and directed him to pay the $400.00 filing fee within twenty-one days. (See doc. no. 5.) The Court also directed Plaintiff to submit an amended complaint because the Court was unable to discern a valid basis for federal court jurisdiction in the original complaint. (Id. at 2-4.) The Court cautioned Plaintiff that failing to timely pay the filing fee and submit an amended complaint would result in a recommendation for dismissal of this action. (Id. at 5.) The time to respond has passed, and Plaintiff has not paid the filing fee or submitted an amended complaint as required by the Court's August 20, 2019 Order.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to

comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness."  Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

  Here, Plaintiff's failure to pay the filing fee or file an amended complaint, or even to provide the Court with an explanation for his failure to comply with the August 20th Order, amounts not only to a failure to prosecute, but also an abandonment of his case.  This is precisely the type of neglect contemplated by the Local Rules.  The Court cautioned Plaintiff that a failure to respond would result in a recommendation for dismissal.  Furthermore, because Plaintiff requested permission to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

In sum, the time to respond has passed, and Plaintiff has not paid the filing fee or submitted an amended complaint as required by the Court's August 20, 2019 Order. Therefore, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of September, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA